IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO.: 5:08-CV-124 (F)

| | | |
|---|---|---|
| JEFFREY CHARLES, Plaintiff<br><br>v.<br><br>JERRY BRADLEY, KELLOGG BROWN & ROOT SERVICES, INC., KELLOGG BROWN & ROOT, INC., and HALLIBURTON ENERGY SERVICES, INC., Defendants | ) | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Defendants Jerry Bradley, Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, Inc. and Halliburton Energy Services, Inc. ("Defendants") respectfully move the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on Defendants' Claims for Relief on the grounds that there are no genuine issues of material fact; Plaintiff has no evidence his alleged injury was proximately caused by Defendants' conduct, an essential element of his causes of action; and, Defendants are entitled to judgment as a matter of law. This motion is based on the following:

1. Plaintiff filed this action on March 13, 2008.

2. Plaintiff has brought claims of negligence against Defendants related to a motor vehicle accident that took place in Iraq on or about March 14, 2005.

3. Plaintiff contends that Defendant Jerry Bradley, as an agent and employee of Defendant Kellogg Brown & Root Services, Inc., was negligent in the operation of his vehicle, which caused the accident.

4. Plaintiff also contends that Defendant Kellogg Brown & Root Services, Inc. was negligent in failing to properly train and supervise Defendant Jerry Bradley.

5. Plaintiff contends he has suffered a permanent brain injury as a result of the negligence of Defendants.

6. On July 1, 2008, the Court issued a Scheduling Order, which required, among other things, that Plaintiff shall provide reports from retained experts by March 13, 2009.

7. Plaintiff has failed to produce any report from any expert retained in this action.

8. On July 24, 2008, Defendants served Plaintiff with their First Set of Interrogatories. Interrogatory No. 11 requested Plaintiff to disclose the names of any testifying expert in this action.

9. Plaintiff has failed to disclose the names or any other information concerning any testifying expert in response to Defendants' First Set of Interrogatories, and, specifically, Interrogatory No. 11.

10. On January 23, 2009, Defendants filed a Motion to compel complete and compliant answers to Defendants' First Set of Interrogatories. Defendants' Motion to Compel is incorporated herein by reference.

11. Plaintiff has failed to respond to Defendants' Motion to Compel.

12. A party is entitled to summary judgment as a matter of law when there is no evidence to support an essential element of a party's claim.

13. Under both Texas and North Carolina law, in order to support a claim of negligence, Plaintiff must prove that the actions of Defendants proximately caused the injury in dispute.

14. In both Texas and North Carolina, it is well established that expert testimony is required to establish causation as to medical conditions outside the common knowledge and experience of jurors. *Roark v. Allend*, 633 S.W.2d 804, 809 (Tex. 1982); *Click v. Pilot Freight Carriers*, 300 N.C. 164, 265 S.E.2d 389, 391 (1980).

15. Plaintiff contends that he has suffered permanent brain injury which was proximately caused by Defendants; an injury outside the common knowledge and experience of jurors.

16. Plaintiff has failed to present any expert evidence establishing a brain injury or that the purported actions of Defendants have proximately caused the injury in dispute.

17. Plaintiff cannot establish proximate cause which is one of the essential elements of his claims in this action.

18. There are no material issues of fact in dispute, and Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims.

19. Concurrent with the filing of this Motion, Defendants have filed a Memorandum in Support, which is incorporated herein by reference.

WHEREFORE, Defendants Jerry Bradley, Kellogg, Brown & Root Services, Inc., Kellogg Brown & Root, Inc., and Halliburton Energy Services respectfully pray unto the Court for entry of an order of summary judgment in favor of Defendants and award such other relief that this Court may deem just and proper.

This the 8th day of April, 2009.


/s/Thomas S Babel
Thomas S. Babel
N.C. State Bar I.D. No.: 35004
E-mail: tsb@wardandsmith.com
For the firm of
Ward and Smith, P.A.
University Corporate Center
127 Racine Drive
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: (910) 794-4800
Facsimile: (910) 794-4877
LR 83.1 Counsel for Defendants

Of Counsel:

Margaret T. Brenner
Federal Bar No. 9044
State Bar No. 02958050
Lisa A. Louck
Federal Bar No. 15576
State Bar No. 12585435
Bracewell & Giuliani, LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002-2781
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2009, I electronically filed DEFENDANTS' MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin Deaver
Deaver & Deaver, P.L.L.C.
PO Box 2233
705 Princess Street
Wilmington, North Carolina 28401

This the 8th day of April, 2009.

/s/Thomas S. Babel
N.C. State Bar I.D. No.: 35004
E-mail: tsb@wardandsmith.com
For the firm of
Ward and Smith, P.A.
University Corporate Center
127 Racine Drive
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: (910) 794-4800
Facsimile: (910) 794-4877
LR 83.1 Counsel for Defendants

080497-00001-001
ND: 4832-5621-2227, v. 1