UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-124-F

| | | |
|---|---|---|
| JEFFREY CHARLES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| JERRY BRADLEY; KELLOGG BROWN & | ) | |
| ROOT SERVICES, INC.; KELLOGG BROWN | ) | |
| & ROOT, INC.; and HALLIBURTON ENERGY | ) | |
| SERVICES, INC., | ) | |
|     Defendants. | ) | |

This matter is before the court on the defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue [DE-16]. The plaintiff, Jeffrey Charles ("Charles") has responded to the motion to dismiss or change venue, but in an untimely manner and only after having been ordered to show cause why the case should not be dismissed for his failing to prosecute. The defendants suggest tat the case be dismissed on those grounds alone. *See* defendants' Reply [DE-36].

Charles, through counsel, filed his Complaint [DE-3] in federal court on March 13, 2008, alleging jurisdiction on the grounds of diversity of citizenship, and seeking relief from the defendants whose alleged agent, Bradley, caused a collision between the defendants' Chevrolet Suburban and the Army's Humvee in which Charles was a passenger, resulting in Charles's permanent brain injury. The collision occurred in Baghdad, Iraq, on March 14, 2005, and was alleged to have been in violation of Coalition Provisional Authority ("CPA") "Order 86, a Traffic Code." Complaint ¶ 4. At the time of the collision, Charles allegedly was a resident of North Carolina, stationed at Ft. Bragg and assigned to 82nd Airborne Division. Charles contends that Bradley resided in Arkansas, and the corporate defendants' principal offices were in Texas. The

Complaint omits any allegation concerning the plaintiff's current residence or where he was domiciled at the time he instituted this action in March 2008.

The Complaint purports to state four causes of action: (1) common law negligent operation of a motor vehicle by agent; (2) negligent operation of a motor vehicle in a combat theatre of operations in violation of CPA Order 86, Traffic Code, dated 19 May 2004; (3) negligent failure of defendant KBRS to train properly and supervise its employees; and (4) punitive damages.[1] The defendants filed their Answer [DE-14] denying, inter alia, that Bradley was an agent and employee of defendant Kellogg Brown & Root Services, Inc. ("KBRSI"), that Bradley was obligated to follow the Traffic Code, that its offices are located as alleged in the Complaint, that Bradley was negligent, and so forth. Additionally, the defendants raised twelve affirmative defenses.

## MOTION TO DISMISS OR CHANGE VENUE

Venue is determined when the suit is commenced, not when the cause of action arose. *See Tenefrancia v. Robinson Exp. & Imp. Corp.*, 921 F.2d 556, 558, n.2 (4th Cir. 1990). The Complaint does not allege the state of Charles's citizenship on the date he commenced this lawsuit, but the defendants' sources suggest he was living in Florida. *See* Affidavit of Margaret Brenner, Exhibit 2 to [DE-17]. The record reveals that service of process was effected on the four defendants on March 17 and 18, 2009. *See* [DE-8, -9, -10 & -11].

In advancing the instant motion to dismiss or to transfer, the defendants do not suggest that venue is improper in the Eastern District of North Carolina, only that it would be more convenient under 28 U.S.C. § 1404(a) in the Southern District of Texas, Houston Division. They acknowledge that they must carry the burden of persuasion to show (1) "more than a bare

---

[1] Charles contends that Bradley's conduct "was egregious, willful, and gross negligent [sic] in that he proceeded through an intersection after he was blinded by the sun knowing that the intersection was unmarked and dangerous." Complaint ¶ 26.

balance of convenience in [their] favor" and (2) that "a transfer does more than merely shift the inconvenience." *DMP Corp. v. Fruehauf Corp.*, 617 F. Supp. 76, 77 (W.D.N.C. 1985).

By failing to raise improper venue as a defense prior to filing their Answer on March 19, 2009, the defendants waived it as a ground for dismissal under Rule 12(b)(3), Federal Rules of Civil Procedure.[2] An objection to venue must be expressly made in the responsive pleading or by motion. Fed. R. Civ. P. Rule 12(b)(3), and if not seasonably asserted, it is waived. *Commercial Casualty Insurance Co. v. Consolidated Stone Co.*, 278 U.S. 177, 179 (1929). Rather, the defendants' motion seeks a change of venue pursuant to 28 U.S.C. § 1404, because they would prefer to litigate in the Southern District of Texas, Houston Division, where their principal offices are located. Assuming that Charles now is a Florida resident, defendants suggest that it would not be any more inconvenient for Charles to travel to Houston than to Wilmington for trial.

## STANDARD OF REVIEW

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of the provision is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). It is well-settled that the decision to transfer an action to another district is committed to the sound discretion of the district court, *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), and district courts have greater discretion to transfer venue under § 1404(a) than to dismiss on grounds of *forum non conveniens*. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981).

---

[2] For the same reason, the defendants have made a general appearance in this case, and therefore have submitted to personal jurisdiction here.

The initial inquiry is whether this action could have been brought in the Southern District of Texas, Houston Division. Charles does not appear to contest that this action could have been brought in that district. Therefore, the only issue before this court is whether transfer is appropriate in the instant case.

The following factors commonly are considered in ruling on a motion to transfer pursuant to 28 U.S.C. § 1404 (a): (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. *See Hardee's Food Systems, Inc. v. Joel G. Rosenblatt and OK Corral, Inc.*, 44 F. Supp. 2d 767, 770 (E.D.N.C. 1998); *Plant Genetic Sys. NV v. CIBA Seeds*, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

Courts afford substantial weight to a plaintiff's chosen forum, *see Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947), *superseded on other grounds* by 28 U.S.C. § 1404, even if it is not his or her district of residence, especially when that forum is connected with the subject matter of the lawsuit. *Holmes v. Freightliner, LLC*, 237 F. Supp. 2d 690, 693 (M.D. Ala. 2002). The plaintiff's choice of forum is entitled to less weight, however, where the plaintiff chooses a forum that is neither his or her home nor the location of the occurrence upon which the suit is based, *High River Ltd. Partnership v. Mylan Laboratories, Inc.*, 353 F. Supp. 2d 487, 498-99 (M.D. Pa. 2005); *U.S. Ship Management, Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 936

(E.D. Va. 2005), nor is it a location with a connection with the matter in controversy, *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 333 (E.D. N.Y. 2006); *Cole-Tuve, Inc. v. American Machine Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004); nor does the plaintiff have any clear connection with the district. *Miller v. Consolidated Rail Corp.*, 196 F.R.D. 22, 25 (E.D. Pa. 2000). The burden of demonstrating the desirability of transfer for convenience of parties and witnesses lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendant shows that the balance of convenience heavily favors the defendants' choice. *See Ace Capital v. Varadam Foundation*, 392 F. Supp. 2d 671, 673 (D. Del. 2005).

## ANALYSIS

Here, it appears that none of the parties resides in this district and certainly the event did not occur here. Accordingly, Charles' choice of forum, standing alone, holds little weight. *See Corry v. CFM Majestic, Inc.*, 16 F. Supp.2d 660, 666 (E.D. Va. 1998) ("A plaintiff's choice of forum, while usually entitled to substantial weight, is here of little moment because it is neither the plaintiff's nor defendants' home forum."). In *Drees v. Lykes Bros. S.S. Co.*, 500 F. Supp. 15, 17-18 (S.D.N.Y. 1980), although the plaintiffs were not residents of the forum, the court denied a defendant's motion to transfer, primarily because the plaintiffs had substantial contacts with their original choice of forum where they had been enrolled in the Merchant Marine Academy.

Similarly, while Charles may not now reside in North Carolina, his allegations describe substantial contacts with North Carolina when he was stationed in Fayetteville with the United States Army prior to the deployment to Iraq during which he sustained his injuries. Charles explains his purpose in filing suit in the Eastern District of North Carolina as follows. "Because Plaintiff lived in the Eastern District of North Carolina and was comfortable with this jurisdiction and was confident that justice would be provided by the EDNC he chose this venue. Plaintiff's Platoon Sergeant referred plaintiff to this counsel and venue was determined based

on interest of Plaintiff, not that of his counsel, as Defendants has [sic] suggested." Charles's Memo in opposition [DE-30] p. 5.

Two of the most important factors in determining whether transfer is appropriate is the convenience of witnesses and relative access to sources of proof. In this regard, the factors weigh against transfer in this case. Charles contends that many of his necessary witnesses are stationed at Ft. Bragg, within the Eastern District of North Carolina; the defendants suggest that its witnesses and documents are located in Texas. In fact, because of the nature of this action, many witnesses for both sides likely will be outside this court's subpoena power.

However, the court finds that the gross disparity in the parties' resources strongly weighs in favor of respecting Charles's choice of the Eastern District of North Carolina. Charles, an alleged brain-damaged, unemployable war veteran, seeks redress against

> a leading global engineering, construction and services company supporting the energy, hydrocarbon, government services and civil infrastructure sectors."
> http://www.kbr.com (last visited 3/30/009). KBR's website also proclaims that it "has built a proud history and a leading market position in the government and infrastructure sectors by being a low-cost, high-efficiency and absolutely reliable service provider. Not only is KBR the largest contractor for the United States Army and a top-ten contractor for the U.S. Department of Defense, it is currently the world's largest defense services provider."

*Harris v. Kellogg, Brown & Root Services, Inc.*, 2009 WL 904695, slip op. *1, n.1 (W.D. Pa. March 31, 2009) (quoting http://www.kbr.com/corporate/index.aspx (last visited 3/30/09)). Without question, the defendants are in a better position to compel the attendance of unwilling witnesses, many of whom may be current or former employees, and to bear the cost of litigating in a "foreign" forum. The defendants already have obtained local counsel in this district who has begun arrangements to depose Charles and to conduct a Rule 35 medical examination in North Carolina. Furthermore, Charles appears to have relied entirely on his North Carolina counsel throughout the litigation to date. The choice of laws issue has not yet been raised.

Charles explains that he has been treated in military and civilian medical facilities in Fayetteville, North Carolina, but none in Texas. While the Southern District of Texas, Houston Division surely has a "local interest" in having a controversy involving the defendants resolved "at home," the defendants have not demonstrated that such interest is entitled to any greater deference than the "local interest" of similarly situated soldiers, Army families, and support personnel and services in seeing the matter litigated "at home" in the Eastern District of North Carolina.

It is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. *Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 3 (E.D. Pa. 1982). Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied. *Lee v. Ohio Casualty Ins. Co.*, 445 F. Supp. 189, 192 (D. Del.1978); *B.J. McAdams, Inc. v. Boggs*, 426 F. Supp. 1091, 1103-04 (E.D. Pa. 1977). Concomitantly, a transfer which would merely shift the inconvenience from one party to another should not be granted. *Darby Drug Co., Inc. v. Zlotnick*, 573 F. Supp. 661, 664 (E.D.N.Y. 1983).

The court finds that transferring this action to the Southern District of Texas would have an impact far greater than a mere shift of inconvenience. While it may be inconvenient for the defendants -- "the world's largest defense services provider" -- to litigate in North Carolina, a transfer of this action to Texas effectively would eliminate Charles's opportunity to mount an effective prosecution of claims seeking redress for injuries that allegedly have rendered him unemployable . Although trying the case in Eastern District of North Carolina may be inconvenient to the defendants, the court concludes that they have not carried their burden as movants to demonstrate that the balance of interests weighs strongly in favor of the proposed transfer. Consequently, the transfer of this case to the Southern District of Texas, Houston

7

Division, would not best serve the convenience of the parties and witnesses and the best interests of justice, and therefore is DENIED.

## CONCLUSION

For the reasons set forth above, the court finds that the transfer of this action to the Southern District of Texas is not appropriate for the convenience of the parties and witnesses and in the interests of justice. The defendants' Motion to Dismiss or in the Alternation, to Transfer [DE-16], pursuant to 28 U.S.C. § 1404, is DENIED.

SO ORDERED.

This the 21st day of April, 2009.

_____
JAMES C. FOX
Senior United States District Judge